MARK E. FERRARIO
Nevada Bar No. 1625
GLENN F. MEIER
Nevada Bar No. 06059
JERRELL L. BERRIOS
Nevada Bar No. 15504
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: ferrariom@gtlaw.com
          glenn.meier@gtlaw.com
          berriosj@gtlaw.com

*Attorneys for Jon Isaac*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| MAF, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN ISAAC, A/K/A JON ISAAC,<br><br>    Defendant. | CASE NO.: 2:22-cv-1073-ART-VCF<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Fourth Request)** |
|---|---|
| JOHN ISAAC, A/K/A JON ISAAC,<br><br>    Counterclaimant,<br><br> v.<br><br>MAF, INC.,<br><br>    Counter-Defendant. | |

Pursuant to Local Rules 26-3 and LR IA 6-1, LR IA 6-2, LR 7-1, Plaintiff/Counter-Defendant MAF, Inc. ("MAF"), and Defendant/Counterclaimant John Isaac a/k/a Jon Isaac ("Isaac" or together with MAF, the "Parties"), by and through their respective counsel of record, stipulate, agree, and hereby request that the Court enter an Order extending the discovery deadlines.  As contemplated by LR 26-3, good cause exists to continue these deadlines as the parties have diligently attended to completing

1

necessary discovery while conserving the Parties' resources to the greatest extent possible and position the case for fruitful settlement discussions. Despite the Parties' efforts in this regard, the parties have determined that additional discovery is necessary to allow the Parties the best opportunity to resolve the case.

Specifically, the parties have determined that they will not be able to resolve the case without obtaining the Chubb Insurance claim file and deposing the adjuster involved. Following that deposition, the parties desire to undertake settlement discussions initially privately and, if necessary, through a settlement conference with the Court. Additionally, the Parties would like to extend the discovery deadline to a sufficient point that it would allow them the opportunity to conduct additional pretrial discovery after the settlement conference in the event settlement efforts are not successful. This is the parties' fourth request for an extension of the discovery deadlines set forth in the Court's Scheduling Order (ECF No. 22).

## I. Good Cause Exists to Extend all Deadlines

The good cause inquiry focuses primarily on the parties' diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, good cause exists to extend the deadlines because the Parties were actively engaged in discovery and anticipated completing all necessary discovery prior to the December 14, 2023 close of discovery set forth in the Court's Order (ECF No. 42). Initially, the Parties were hopeful that the production of additional documents would position the case for meaningful settlement discussions, however, following such production and discussion of the information provided, the Parties have determined that it will be necessary to obtain additional documentary evidence and testimony concerning the adjustment of the insurance claim underlying the Parties' dispute. Additionally, the Parties desire to extend the deadlines sufficiently to allow for settlement discussions, setting a settlement conference now in case settlement discussions are unsuccessful following the insurance claim discovery described below, and the completion of additional pretrial discovery following the settlement conference that will be necessary only if the Parties are unable to reach resolution following a settlement conference.

**II.     Statement Specifying the Discovery Completed (LR 26-3(a))**

On October 11, 2022, the Parties participated in an initial scheduling conference pursuant to FRCP 26(f) and negotiated a proposed Scheduling Order.

On October 12, 2022, the Parties submitted their proposed Scheduling Order in compliance with LR 26-1(b). *See* ECF No. 21.  The Court approved the Scheduling Order on October 14, 2022 *See* ECF No. 22.

On October 25, 2022, MAF served its Initial Disclosures Pursuant to Fed. R. Civ. P. 26.

On October 25, 2022, Isaac served his Initial Disclosures.

On February 21, 2023, Isaac propounded upon MAF his First Set of Requests for Production of Documents and Interrogatories.

On February 22, 2023, MAF served its First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.

On February 28, 2023, MAF propounded upon Isaac its First Set of Requests for Production of Documents and Interrogatories.

On February 28, 2023, Isaac served his Notice of Taking Deposition – Michael Fusco, setting a deposition for Mr. Fusco for March 13, 2023.

On February 28, 2023, Isaac served his Notice of Taking FRCP 30(b)(6) Deposition of MAF, Inc., setting the deposition for March 14, 2023.

On March 3, 2023, Isaac served his Notice of Taking Deposition and Issuance of Subpoena – Louis Senerchia, setting the deposition for March 21, 2023.

After MAF's then counsel filed his motion to withdraw, Isaac's counsel agreed to vacate the previously noticed depositions.

On April 3, 2023, the parties participated in a discovery conference before the Honorable Cam Ferenbach with respect to the Motion to Withdraw and the proposed discovery schedule.

On April 26, 2023, the parties participated in a continued discovery conference before the Honorable Cam Ferenbach with respect to the proposed discovery schedule.

On May 5, 2023, the Court approved the parties' Joint Stipulation to Extend Discovery Deadlines (Second Request).

On June 16, 2023, MAF served responses to Isaac's First Set of Interrogatories and Requests for Production of Documents. Isaac also served responses to MAF's First Set of Interrogatories and Requests for Production of Documents, and First Supplement to Initial Disclosures.

On June 27, 2023, MAF served supplemental responses to Isaac's First Set of Requests for Production of Documents and Second Supplement to Initial Disclosures.

On August 25, 2023, Isaac served his second supplemental production of documents on MAF.

**III.  A Description of the Discovery that Remains to Be Completed (LR 26-3(b))**

1. Issuing a third party subpoena for the insurance claim file relevant to the Parties' dispute.

2. The deposition of the insurance adjuster responsible for the insurance claim relevant to the Parties' dispute.

3. The Parties may need to complete party and third-party depositions after settlement discussions and settlement conference if resolution does not occur.

**IV.  The Reasons Why the Remaining Discovery Cannot Be Completed Within the Time Limits Set by the Discovery Plan (LR 26-3(c))**

The Parties were endeavoring to complete discovery by the existing discovery cutoff deadline. Additionally, the Parties have attempted to limit discovery to only absolutely necessary items to conserve all Parties' resources. The Parties previously agreed to depose Louis Senerchia before any other party or third-party discovery to conserve the Parties' resources. The Parties' believe that such convervation of resources will provide the maximum opportunity to resolve this case without trial. Extending the deadlines would allow for good faith negotiations without the parties incurring additional fees and costs related to the remaining discovery other than the insurance claim discovery referenced above.

**V.  Proposed Schedules for Completing all Remaining Discovery (LR 26-3(d))**

(a) **Magistrate Judge Settlement Conference** – subject to the Court's availability, after **January 5, 2024.**

(b) **Discovery Cut-off Date** – The deadline for the Parties to complete all fact discovery in this matter shall be extended from December 14, 2023 to **30 days after the Magistrate Judge Settlement Conference**.

4

ACTIVE 691474277v1

(c) **Dispositive Motion** – The deadline for the Parties to file dispositive motions shall be extended from January 15, 2024 to **30 days after the Discovery Cut-off Date**.

**Pre-Trial Order** – The deadline for the Parties to prepare a Consolidated Pre-Trial Order shall be extended from February 13, 2024 to **30 days after the Discovery Cut-off Date or final order resolving the last dispositive motion, whichever is later**.  Based on the foregoing stipulation of the Parties and good cause appearing, the Parties respectfully request that the Court enter an Order adopting the parties' amended proposed schedule for completing all remaining discovery.[1]

Respectfully Submitted,

DATED this 9th day of November 2023.                    DATED this 9th day of November 2023.

GREENBERG TRAURIG, LLP                                  EVANS FEARS & SCHUTTERT LLP

/s/ Glenn F. Meier                                      /s/ Chad R. Fears
MARK E. FERRARIO                                        CHAD R. FEARS
Nevada Bar No. 1625                                     Nevada Bar No. 6970
GLENN F. MEIER                                          6720 Via Austi Parkway, Suite 300
Nevada Bar No. 06059                                    Las Vegas, Nevada 89117
JERRELL L. BERRIOS
Nevada Bar No. 15504                                    *Counsel for MAF, Inc.*
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Counsel for Jon Isaac*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 11-13-2023

---
[1] This stipulation is contemporaneously submitted in conjunction with the Stipulation and [Proposed] Order Setting Briefing Schedule On Motion For Summary Judgment submitted today.

5

ACTIVE 691474277v1