UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAF, INC., | Case No. 2:22-cv-1073-ART-VCF |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 26] |
| v. | |
| JOHN ISAAC, A/K/A JON ISAAC | |
| Defendant. | |

Plaintiff MAF, Inc. ("MAF") brings this case alleging breach of contract and declaratory judgment under the Federal Declaratory Judgments Act against Defendant John Isaac ("Isaac") for failure to fully pay Plaintiff per the terms of their contract. Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 26) which is unopposed.

## I.   BACKGROUND

MAF seeks to recover the remaining portion of fees Isaac owes according to the parties' contract. On November 22, 2019, parties executed a "Public Adjuster Contract" in which MAF agreed to assist Isaac with resolving his insurance claim for his property at 6855 Spyglass Lane in Rancho Sante Fe, CA. (ECF No. 26-3.) Isaac agreed to pay MAF a fee based on the amount MAF received from his insurance, specifically a 2.25% fee for what Isaac recovered between $0 to $10,000,000, 4% for what he recovered between $10,000,000 to $15,000,000 and 6% for any amount recovered above $15,000,000. (*Id.* at 3.) On July 27, 2021, the parties amended the contract to require MAF to share the cost of third-party consultants hired by Isaac if MAF used any of their work. (ECF No. 26-4 at 2-3.)

According to the insurance company, they never used any of the third-party consultants' work in resolving the claim. (ECF No. 26-10 at ¶ 5.)

Isaac's insurer paid him $26,500,000, (ECF No. 26-2 at ¶ 1), so MAF was entitled to a fee of $1,115,000. (*See* ECF No. 26-3 at 2.) The insurer paid Isaac in three installments; Isaac was supposed to pay MAF $690,000 from the final payment. (ECF No. 26-5.) While Isaac paid MAF the amount due from the first two installments, he never paid MAF the $690,000 owed on the final installment. (ECF No. 26-1 at ¶ 21.) The insurer had made a check out to both Isaac and MAF for $11.5 million. (ECF No. 26-6.) Isaac and Michael A. Fusco ("Fusco"), Founder and CEO of MAF, agreed that MAF would deposit the check into Isaac's account with Bank of America and then Isaac would pay MAF by check for the $690,000 he owed. (ECF No. 26-7 at 3-4.)

MAF alleges that it has not received the required payment. Isaac wrote a check dated May 23, 2022, to Plaintiff for $690,000 and shipped it overnight to Fusco. (*Id.* at 4; ECF No. 26-8.) MAF deposited the $11.5 million check from the insurer into Isaac's Bank of America account on May 27, 2022, which cleared on May 31, 2022. (ECF No. 26-9 at 2-3.) On May 31, 2022, MAF brought Isaac's check to his bank, and Jenny Marek, Vice President of Bank of America, strongly advised MAF not to deposit the check and implied there were insufficient funds in the account. (ECF No. 26-2 at ¶ 21.) Fusco contacted Isaac who told Fusco that he had put a stop payment on the check. (*Id.*) To date, Isaac has not paid the remaining $690,000. (*Id.*)

MAF filed the instant action on July 6, 2022, asserting breach of contract and declaratory judgment claims against Isaac. (ECF No. 1.) Isaac filed his Original Answer and Counterclaim on September 12, 2022 (ECF No. 18.) MAF amended its complaint on October 3, 2022. (ECF No. 19.) Isaac filed an Amended Answer and Counterclaim on October 17, 2022. (ECF No. 24.) In the motion, Isaac asserts six claims of relief: 1) breach of contract; 2) breach of the implied covenant of

good faith and fair dealing; 3) fraudulent misrepresentation; 4) negligent misrepresentation; and 5) intentional interference with contractual relations; and 6) unjust enrichment. (*Id.* at 17-25.) On February 22, 2023, MAF filed a Motion for Summary Judgment. (ECF No. 26.) Despite the Court granting multiple stipulations for extensions of time to respond to the Motion for Summary Judgment (ECF Nos. 32, 38, 43, 47, 51), Isaac never filed any opposition to MAF's Motion for Summary Judgment.

## II.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through

affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### III.   DISCUSSION

#### a. Breach of Contract Claim

Plaintiff is entitled to summary judgment on its breach of contract claim. To succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919-920 (D. Nev. 2006) (citing *Richardson v. Jones,* 1 Nev. 405, 405 (Nev. 1865)).

The parties executed a valid contract. "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Parties agreed to a written contract meeting all of these elements. In the contract between the parties, MAF agreed to assist Isaac with his insurance claim in return for payment based on the written fee arrangement. (ECF No. 26-3). No evidence suggests that this contract lacked any of the required elements for contract formation. In fact, Isaac agrees that he and MAF had a valid contract. (ECF No. 24 at 17.)

Isaac breached the contract, resulting in damages for MAF. MAF had fulfilled its portion of the contract by assisting Isaac in making his insurance claim, including analyzing his insurance policy, building estimates, and attending meetings with Isaac's insurer. (ECF Nos. 26-2 at ¶¶ 9-13; 26-3 at 2.) As a result of MAF's work, Isaac received $26.5 million from his insurer. (ECF No. 26-2 at ¶ 12.) Isaac put a stop payment on the $690,000 check he wrote to MAF and has not paid the $690,000 owed under the contract. (*Id.* at ¶ 21.) Thus, Isaac breached the contract by not fully paying MAF for its services, and MAF was damaged in the amount of $690,000 it is owed under the contract.

Isaac is not entitled to a reduction in the amount he owes MAF based on

the amendment to the contract. On July 27, 2021, the parties amended the contract to require MAF to share the cost of third-party consultants hired by Isaac if MAF used any of their work. (ECF No. 26-4 at 2-3.) However, MAF, citing to testimony from the insurer's adjuster, asserts that it never utilized any of the third-party consultants' work (ECF No. 26-10 at ¶ 5), and Isaac provides no evidence to contradict this point. In fact, the adjuster claimed that the third-party vendors' work was neither useful nor reliable. (*Id.*) The Court finds that MAF was not responsible for sharing the costs of the third-party vendors based on the contract amendment.

### b. Declaratory Judgment Claim

In addition to its breach of contract claim, MAF argues it is entitled to declaratory judgment. Specifically, MAF asks the Court to find as a matter of law that 1) the contract is enforceable, 2) MAF is entitled to $690,000 under the contract; and 3) Isaac is not entitled to any reduction of the $690,000 pursuant to the July 2021 amendment to the contract. Because the Court has already resolved these issues in its discussion of the breach of contract claim, the declaratory judgment claim is redundant, and the Court will dismiss the claim. *See Clifford v. Geico Cas. Co.*, 428 F.Supp.3d 317, 326 (D. Nev. 2019) (citing *U.S. v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc)).

### c. Isaac's Affirmative Defenses and Counterclaims

The Court finds that Isaac's affirmative defenses and counterclaims are without merit. Isaac raises a variety of affirmative defenses in his answer. Isaac also brings the following counterclaims: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) fraudulent misrepresentation; 4) negligent misrepresentation; 5) intentional interference with contractual relations; and 6) unjust enrichment. Because Isaac failed to meet his burden for his affirmative defenses and counterclaims and there are no genuine issues of material fact, the Court will grant summary judgment on all of these claims in

1  favor of MAF.

2            i.  Affirmative Defenses

3          In his Answer to MAF's Complaint (ECF No. 24 at 7-8), Isaac raises a variety

4  of affirmative defenses. Because the Answer provides no factual basis for these

5  affirmative defenses, and Isaac failed to file any responsive motions to expand

6  upon these affirmative defenses, the Court concludes that none of these

7  affirmative defenses prevent judgment in MAF's favor.

8            ii.  Breach of Contract

9          The Court is unpersuaded by Isaac's breach of contract counterclaim. Isaac

10  alleges that MAF breached the contract by not sharing the costs of Isaac's third-

11  party consultants and failing to complete all of the duties outlined in their

12  contract. (ECF No. 24 at 17-18.) The facts of this case contradict such a claim.

13  With regards to sharing the costs of the third-party consultants, the Court has

14  already found that MAF was not obligated to share the costs because neither MAF

15  nor the insurer relied on their work, which was a condition precedent for MAF

16  having to pay for the services. (ECF Nos. 26-4 at 2-3; 26-10 at ¶ 5.) The other

17  bases for the breach of contract also fail because Isaac never provides any

18  evidence that MAF did not fully perform under the contract, and MAF asserts

19  that it fully performed, resulting in Isaac recovering $26,500,000. (ECF No. 26-2

20  at ¶¶ 9-13.) Thus, the Court will grant MAF summary judgment on this claim.

21            iii.  Breach of the Implied Covenant of Good Faith and Fair Dealing

22          Isaac similarly fails to prove his claim that MAF breached the implied covenant

23  of good faith and fair dealing. Isaac alleges MAF breached the implied covenant

24  of good faith and fair dealing by not exercising reasonable care and oversight in

25  performing its duties resulting in Isaac having to rely on the third-party

26  consultants in resolving the insurance claim and also not admitting it was

27  required to share the costs of Isaac's third-party consultants. (ECF No. 24 at 18-

28  20.) As previously discussed, the insurer's adjustor stated that they did not rely

on any of the third-party consultants' work, so MAF had no duty to help Isaac pay for their work. (ECF No. 26-10 at ¶ 5.) Similarly, the Court has no facts before it suggesting that MAF did not exercise reasonable care and oversight in its work, so there is no genuine issue of material fact preventing the Court from granting summary judgment on this claim.

iv.   Fraudulent and Negligent Misrepresentation

Isaac's claims of fraudulent and negligent misrepresentation lack any merit. Isaac alleges that Fusco fraudulently misrepresented "MAF's experience and expertise in handling complex residential claims" like the one Isaac hired them to help resolve. (ECF No. 24 at 20-21.) The only example Isaac presents is that "Fusco, on behalf of MAF, made false representations that MAF would share in the costs of the third-party experts, consultants and professionals incurred by Isaac for the benefit of the insurance claims." (*Id.* at 20.) Isaac fails to point to any examples of MAF fraudulently representing its capabilities, and the Court has already explained that MAF was only obligated to help pay for the third-party consultants if they used their work, which never happened. Similarly, while Isaac claims that MAF made negligent representations, he never gives examples of such representations. Thus, Isaac fails to meet the pleading requirements established by FRCP 9. *See* FED. R. CIV. PRO. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") The Court will grant summary judgment in favor of MAF for this claim.

v.   Intentional Interference with Contractual Relations

Isaac's allegation that MAF interfered with his contracts with the third-party contractors lacks any evidentiary support. Isaac states that MAF intentionally made inaccurate statements to the third-party consultants to harm or otherwise interfere with Isaac's contracts with the consultants. (ECF No. 26 at 23-24.) Isaac provides no facts to justify this allegation. The Court is unclear what inaccurate statements Isaac claims MAF allegedly made, and what supposed

harm Isaac faced, so the Court will grant summary judgment in favor of MAF.

### vi.  Unjust Enrichment

Lastly, Isaac alleges that MAF was unjustly enriched by Isaac hiring the third-party consultants to do work MAF was supposed to have completed, not having to do the full work MAF was hired to do and receiving a higher fee by virtue of the third-party consultants' work. (ECF No. 26 at 24-25.) The Court will grant summary judgment in favor of MAF because neither MAF nor the insurer used the third-party contractors' work in resolving the claim (ECF No. 26-10 at ¶ 5), and Isaac fails to provide any evidence that MAF did not fully perform and earn its fee. Instead of being unjustly enriched, MAF was underpaid for its services, necessitating the current lawsuit.

### IV.  CONCLUSION

It is therefore ordered that MAF's Motion for Summary Judgment (ECF No. 26) is granted in part and denied in part. The Court finds in favor of MAF's breach of contract claim but denies MAF's declaratory relief claim for being duplicative. The Court also finds in favor of MAF with regards to all of Isaac's counterclaims.

It is further ordered that MAF is entitled to a judgment in the amount of $690,000.

The Clerk of Court is directed to enter judgment accordingly and close the case.

DATED THIS 29th day of March 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

8